# United States District Court

### DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

KELIN BRADLEY

## Criminal Complaint

CASE NUMBER: 07- 28M

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 10, 2007, in the State and District of Delaware, Defendant Kelin Bradley, with intent to defraud, did pass falsely made, forged and counterfeited obligations of the United States, that is, United States Currency, which he then knew to be falsely made, forged and counterfeited, in violation of Title 18, United States Code, Section 472.

I further state that I am a(n) __Special Agent, United States Secret Service, Department of Homeland Security__ and that this complaint is based
                                                                Official Title
on the following facts:

See attached Affidavit.

Continued on the attached sheet and made a part hereof:   Yes X

_____
Signature of Complainant
Andrew Balceniuk
Special Agent, United States Secret Service

Sworn to before me and subscribed in my presence,

February 12, 2007                                    at    Wilmington, DE
Date                                                       City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                             _____
Name & Title of Judicial Officer                           Signature of Judicial Officer

## AFFIDAVIT OF SPECIAL AGENT ANDREW BALCENIUK

I, Andrew Balceniuk, being duly sworn, depose and say:

1.  Your affiant is a Special Agent with the U.S. Secret Service and has been so employed since October 2002. Your affiant is currently assigned to the Wilmington, Delaware Resident Office. Your affiant's duties include the identification and investigation of counterfeit U.S. currency production. Your affiant has received approximately six months of field and classroom training in the identification and investigation of various counterfeit U.S. currency schemes perpetrated to pass counterfeit U.S. currency for fraudulent gains.

2.  This affidavit is submitted in support of a criminal complaint and warrant charging Kelin Bradley with Passing and Possessing Counterfeit U.S. Currency in violation of 18 U.S.C. § 472. The allegations set forth in this affidavit are based upon my personal knowledge, as well as upon information obtained from law enforcement officers, investigators, witnesses and other parties and sources.

3.  On February 10, 2007, Kelin Bradley was detained by Sears loss prevention officers at Sears store #1853 located on Concord Pike in Wilmington, Delaware for attempting to purchase a television using $200.00 in counterfeit U.S. currency.

4.  Continuing on this date, Sears loss prevention contacted a trooper from the Delaware State Police who took Bradley into custody for violations of state law pertaining to the passing of the counterfeit U.S. currency. After questioning by the trooper, it was determined that Bradley had made purchases at several stores in the Concord Mall and adjacent retail outlets. The trooper went to these stores and recovered an additional $500.00 in counterfeit U.S. currency bearing either the same serial numbers as the $200.00 already recovered, or manufactured in a similar fashion as the currency already recovered. A search subsequent to arrest also revealed several hundred dollars in genuine U.S. currency on Bradley's person. This money was folded into separate stacks of just under $100.00, an indication your affiant knows from previous experience that Bradley was purchasing smaller value items in order to exchange the counterfeit currency for genuine currency.

5.  Continuing on this date, I was contacted by the trooper and responded to the Sears store. I verified that the currency recovered by the trooper was in fact counterfeit, specifically "bleached" $5.00 bills. This is a technique utilized by counterfeit currency manufacturers in which a genuine $5.00 bill has its ink chemically removed and a larger denomination is printed on the genuine paper in an attempt to retain the anti-counterfeiting properties inherent to the paper. After advising Bradley of his Miranda rights, Bradley stated that he had spent $1000.00 he received from the sale of a personally owned computer at various stores located in the Concord Mall and along Concord Pike in Wilmington, Delaware. Bradley also stated that he was, "70% sure that the money was not real", and that he never contacted law enforcement or a bank for verification because he, "knew it would be taken and then he would be out the money." After receiving written consent from Bradley, a search of his vehicle revealed several other bags of merchandise purchased from local retailers.

6.   Continuing on this date, I responded to several stores in the Brandywine Town Center visited by Bradley and recovered an additional $300.00 in counterfeit U.S. currency bearing either the same serial numbers as the $200.00 already recovered, or manufactured in a similar fashion as the currency already recovered.

   WHEREFORE, based on my training and experience and the foregoing facts, your affiant submits that there is probable cause to believe that Kelin Bradley did knowingly possess or pass $1000.00 in counterfeit U.S. currency in violation of 18 U.S.C. § 472.

Andrew Balceniuk
Special Agent, U.S. Secret Service

**SWORN AND SUBSCRIBED TO**
this 12 day of February, 2007.

Honorable Mary Pat Thynge
United States Magistrate Judge